IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD BILLS, JR. and DAPHNE POWELL-BILLS, ) ) ) Plaintiffs, ) ) v. ) ) BNC MORTGAGE, INC., a Delaware Corporation; ) CHASE HOME FINANCE, LLC, a Delaware ) limited liability company; OPTION ONE ) MORTGAGE CORPORATION, a California ) corporation; WELLS FARGO BANK ) MINNESOTA, N.A., a national banking ) association; and JOHN DOE, ) ) Defendants. ) | No. 06 C 3283 Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Ronald Bills Jr. ("Ronald") and Daphne Powell-Bills ("Daphne") filed a two-count complaint[1] against BNC Mortgage, Inc., Chase Home Finance, L.L.C.[2], Option One Mortgage Corporation, and Wells Fargo Bank Minnesota, N.A. (collectively "defendants") alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"). Plaintiffs allege that they are entitled to rescind the mortgage because Daphne did not receive proper notice under TILA. See Regulation Z, 12 C.F.R. § 226.23(a)(1), (b)(1) (providing that failure to provide the required notice or disclosures extends the right to rescind for 3 years). Defendants have moved to dismiss pursuant to FED. R. CIV. P. 12(b)(6), arguing that Daphne was not entitled to notice of the right to

---

[1]Count II, which brought class allegations, was voluntarily dismissed after the instant motion was filed.

[2]After defendants filed their motion to dismiss, Chase Home Financial, L.L.C. was voluntarily dismissed by plaintiffs.

rescind as a matter of law, and that defendant Option One Mortgage Corporation is a mere servicer under TILA and is therefore exempt from liability. For reasons set forth below, defendants' motion to dismiss is granted.

## FACTS[3]

Plaintiffs are married and reside at 318 Hunter Avenue, Joliet, Illinois (the "Hunter property"). In July 2003, Ronald obtained a mortgage from BNC. The loan was intended to be used for the refinancing of prior obligations incurred for personal, family or household purposes, and was secured by the Hunter property. At the time of the mortgage, Ronald was the sole owner of the Hunter property. In executing the mortgage, Ronald signed and received numerous documents including a Notice of the Right to Cancel. According to plaintiffs, Daphne did not attend the closing and did not receive any documents. At the closing, Ronald was directed to pay Option One. Plaintiffs later received a Notice of Assignment, Sale or Transfer of Servicing Rights, pursuant to which Option One claimed to have a right to collect payments under the note and mortgage. Plaintiffs subsequently received another Notice of Assignment, Sale or Transfer of Servicing Rights from Chase Home Finance, L.L.C. stating that Chase now claimed to have the right to collect payments. Additionally, plaintiffs allege that Wells Fargo is also a beneficial owner of the note and mortgage. Plaintiffs allege that because the loan was secured by their home, it was made pursuant to their rescission rights set forth under TILA, 12 U.S.C. § 1635, and Federal Reserve Board Regulation Z, 12 C.F.R. § 226 ("Regulation Z"). Plaintiffs allege that Daphne did not receive proper notice under Regulation Z.

---

[3] The facts are taken from plaintiffs' complaint and accepted as true for the purposes of a 12(b)(6) motion.

**STANDARD OF REVIEW**

In ruling on a Rule 12(b)(6) motion to dismiss, the court will accept the allegations set forth in the complaint as true and view the facts in the light most favorable to the plaintiff. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996). A complaint should not be dismissed unless it is certain that the plaintiff cannot prove any set of facts that would entitle her to relief. Presalite Corp. v. Matsushita Electric Corp. of America, 2003 WL 1811530, at *2 (N.D. Ill. April 4, 2003).

**DISCUSSION**

In count one, plaintiffs allege that they have the right to rescind the mortgage because Daphne did not receive notice of the right to rescind. Defendants have moved to dismiss arguing that because Daphne had no ownership interest in the Hunter property at the time of closing, she was not entitled to notice.

TILA expressly gives a consumer the right to rescind a loan within three days of the transaction. 15 U.S.C. § 1635(a) (requiring disclosure of obligor's right to rescind where a security interest is obtained in obligor's principle dwelling); Payton v. New Century Mortgage Corp., 2003 WL 22349118, at *2 (N.D. Ill. Oct. 14, 2003). Additionally, the right to rescind will extend to three years if the notice requirements are not satisfied. Id. Regulation Z, 12 C.F.R. § 226.23(a)(1), (b)(1), provides that:

> In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, *each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction* .... The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. *If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation*…. In a transaction

3

> subject to rescission, a creditor shall deliver two copies of the notice of the right
> to rescind to each consumer entitled to rescind. [Emphasis added.]

Regulation Z defines "consumer" as a "natural person to whom consumer credit is offered or extended." 12 C.F.R. § 226.23(a)(11). However, for purposes of rescission a "consumer" also "includes a natural person in whose principal dwelling a security interest is or will be retained or acquired, *if that person's ownership interest in the dwelling* is or will be subject to the security interest." Id. (emphasis added). Defendants argue that because Daphne did not have any ownership interest in the Hunter property at the time of the closing, she was not a consumer entitled to receive notice of the right to rescind. It is undisputed that title to the Hunter property was held solely in Ronald's name at the time of closing.

In response, plaintiffs argue that despite not being a title holder Daphne nonetheless was a consumer under Regulations Z's broad definition, and thus was entitled to two copies of the notice of the right to rescind, because the Hunter property is her principle dwelling and she has an "ownership interest" as the term is used in Regulation Z, by virtue of her homestead rights.

Homestead rights generally arise in the context of bankruptcy or divorce disputes. In such cases, in order to claim a homestead exemption or to assert homestead rights, the "land to which the homestead right attaches must be supported by title or some ownership interest, and possession alone is insufficient to entitle an individual to claim a homestead exemption." In re Carver, 2003 WL 23211627, at *1 (Bankr. S.D. Ill. Jan. 24, 2003). Illinois law does not provide a basis for an interest in property based solely on marital status. Id. Rather, homestead rights are rights of possession. In re Szekely, 936 F.2d 897, 901 (7th Cir. 1991). Carver specifically holds that a non-titled spouse living on the property has no homestead rights, and thus no possessory rights. Carver, 2003 WL 23211627, at *1.

4

In the instant case, it is undisputed that Ronald was the sole owner of the Hunter property. Plaintiffs argue that Daphne acquired an "ownership interest" in the Hunter property through her homestead rights. Nothing in the complaint, however, supports a claim that her interest in the Hunter property was anything but possessory. Under Carver, Daphne has no homestead rights based on her status as a non-titled spouse even if she lived on the property, and as a non-titled spouse she also has no ownership interest in the property.

Moreover, even if it could be established that Daphne did have homestead rights in the property, as plaintiffs contend in their Sur Reply, those rights would not give rise to the level of an ownership interest. The cases cited by plaintiff, while perhaps instructive on the determination of whether a spouse's homestead rights may exist, do not stand for the proposition that homestead rights rise to the level of an ownership interest. In fact, plaintiffs do not cite any authority to support such a proposition.

In Bailey v. Hamilton, 337 Ill. 617, 618 (1930), for example, it was not contended that the wife "had any interest in the premises other than dower and homestead." There was no allegation that she had any ownership interest in the property at all. Id. Rather, the court found it appropriate to join the wife as a party to the complaint because, by her marriage, she acquired the substantial right to *occupy* the premises. Id. at 621 (emphasis added). Similarly, in Willard v. Northwest Nat'l. Bank of Chicago, 137 Ill. App. 3d 255, 265 (1st Dist. 1985), the court found that "homestead is a *possessory* freehold estate, and … is a proper defense in a forcible detainer action." (emphasis added). The court noted that because a forcible entry and detainer action "determines the right to possession of the premises", the spouse could assert her homestead

5

rights.  Id.  The court did not, however, hold that the spouse had any sort of ownership interest in the property.

In the instant case, Daphne does not have an "ownership interest" in the Hunter property. Any homestead rights that she may have are merely possessory.  Without an ownership interest, she is not a "consumer" under Regulation Z and was not entitled to notice under TILA.  Because Daphne was not entitled to notice under TILA, plaintiffs' entire claim fails, and it is unnecessary to address plaintiffs' allegations relating to the status of certain defendants as servicers.

## CONCLUSION

For the reasons discussed above, defendants' motion to dismiss is granted.

**ENTER:** November 3, 2006

**Robert W. Gettleman**
**United States District Judge**