THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD BILLS, JR. and DAPHNE POWELL-BILLS, ) ) ) Plaintiffs, ) v. ) ) BNC MORTGAGE, INC., a Delaware ) corporation; CHASE HOME FINANCE, LLC, ) a Delaware limited liability company; ) OPTION ONE MORTGAGE ) CORPORATION, a California corporation; ) WELLS FARGO BANK MINNESOTA, N.A., ) a national banking association; and JOHN ) DOE, ) ) Defendants. ) | Civil Action No. 06 cv 3283 Judge Gettleman Magistrate Judge Mason |

## WELLS FARGO BANK MINNESOTA, N.A.'S
## MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Wells Fargo Bank Minnesota, N.A. ("Wells Fargo"), by its attorneys, hereby submits this Memorandum in Support of its Motion for Summary Judgment. Plaintiff Ronald Bills[1] asserts claims against Wells Fargo for purported violations of the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"), and implementing Regulation Z, 12 C.F.R. part 226. (SOF, Ex. 1, First Amended Complaint for Rescission and Damages Pursuant to the Federal Truth in Lending Act ("FAC"), para. 1.)

Specifically, Mr. Bills alleges that at the time BNC Mortgage originated his mortgage loan, he was not provided with the requisite two copies of the Notice of Right to Cancel. (SOF, Ex. 1, FAC, paras. 22, 24.) Mr. Bills concludes that BNC Mortgage violated TILA so as to entitle Mr. Bills to rescind the mortgage loan whether held by BNC Mortgage or an assignee (the

1

"rescission claim"). In addition, Mr. Bills alleges that defendants' purported TILA violation entitles him to statutory damages (the "statutory damages claim"). With respect to Wells Fargo, both Mr. Bills' rescission claim and his statutory damages claim necessary fail.

First, regarding the rescission claim, only the party that owns and/or holds the mortgage loan could effectuate a rescission of the loan. In this case, Wells Fargo does not own or hold Mr. Bills' mortgage loan. (SOF, para. 7.) Indeed, Wells Fargo has no continuing connection or interest in Mr. Bills' mortgage loan because BNC Mortgage repurchased the loan. (Id.) Accordingly, Wells Fargo should be granted summary judgment, and this Court should dismiss Mr. Bills' rescission claim as against Wells Fargo.

Second, regarding the statutory damages claim, Wells Fargo, an assignee, is entitled to summary judgment because there is no TILA violation apparent on the face of the disclosure documents provided to Wells Fargo through its servicer, Chase. With respect to the liability of assignees of a mortgage loan, TILA provides that,

> Any civil action for a violation of [TILA] which may be brought against a creditor may be maintained against any <u>assignee</u> of such creditor <u>only if the violation</u> for which such action or proceeding is brought <u>is apparent on the fact of the disclosure statement</u> . . ..

15 U.S.C.A. § 1641(a), emphasis added. See also Taylor v. Quality Hyundai, Inc., 150 F.3d 689, 694 (7th Cir. 1998) (where violation not apparent "simply by looking at the face of the documents" there is no assignee liability); Smith v. Highland Bank, 915 F. Supp. 281, 293-94 (N.D. Ala. 1996) ("Section 1641 establishes an objective test to determine the liability of an assignee and limits of civil actions against an assignee of a creditor to those where the 'violation . . . is apparent on the face of the disclosure statement . . ..'").

---

[1] Plaintiff Daphne Powell-Bills also purports to reassert a claim against Wells Fargo, however, this Court previously dismissed the identical claim asserted by Mrs. Bills. (Wells Fargo Bank Minnesota N.A.'s Statement of Uncontested Material Facts ("SOF"), para. 4.)

In this case, no TILA violation is apparent on the face of the disclosure statements in the loan origination file provided to Wells Fargo. To the contrary, the loan origination file for Mr. Bills' mortgage loan includes a complete and accurate copy of the Notice or Right to Cancel signed by Ronald Bills. (SOF, para. 8.) With that Notice of Right to Cancel, Mr. Bills acknowledged that he "received two (2) completed copies of th[e] notice of right to cancel." (SOF, para. 9.) Under Section 1641(a) of TILA, Wells Fargo is entitled to rely on the signed disclosure wherein Mr. Bills attests that he received two copies of the Notice of Right to Cancel. 15 U.S.C.A. § 1641(a); Taylor, 150 F.3d at 694 ("Only violations that a reasonable person can spot on the face of the disclosure statement . . . will make the assignee liable under TILA."); Alexander v. Continental Motor Werks, Inc., 1996 WL 79403, at *6 (N.D. Il. Feb. 16, 1996) ("courts addressing the issue of TILA assignee liability have found that § 1641(a) limits liability when there is no indication from the disclosure documents that liability may arise"). Accordingly, Wells Fargo should be granted summary judgment, and this Court should dismiss Mr. Bills' statutory damages claim as against Wells Fargo. Id.

## CONCLUSION

WHEREFORE, Wells Fargo Bank Minnesota, N.A. respectfully requests that this Court enter an order granting summary judgment, dismissing all claims asserted against Wells Fargo Bank Minnesota, N.A. with prejudice, and for such other and further relief as this Court may order.

Dated: January 18, 2007                              Respectfully submitted,

                                                              WELLS FARGO BANK MINNESOTA, N.A.

                                                              _____/S/ DANIELLE J. SZUKALA_____
                                                                              One of Its Attorneys

LeAnn Pedersen Pope, lpope@burkelaw.com
Danielle J. Szukala, dszukala@burkelaw.com
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue
22nd Floor
Chicago, Illinois  60611-3607
Telephone:  312-840-7000
Facsimile:  312-840-7900
Attorney No.:  41704

CERTIFICATE OF SERVICE

The undersigned, attorney for defendant Wells Fargo Bank Minnesota, N.A., certifies that she caused a copy of Wells Fargo Bank Minnesota, N.A.'s Memorandum in Support of its Motion for Summary Judgment to be filed electronically. A copy of the Memorandum will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                                                    /s/ Danielle J. Szukala

421669