IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD BILLS, JR. And DAPHNE POWELL-BILLS, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No.   06 C 3283 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| BNC MORTGAGE, INC., a Delaware corporation; | ) | |
| CHASE HOME FINANCE, LLC, a Delaware | ) | |
| limited liability company; OPTION ONE | ) | |
| MORTGAGE CORPORATION, a California | ) | |
| corporation; WELLS FARGO BANK | ) | |
| MINNESOTA, N.A., a national banking | ) | |
| association; and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Ronald Bills and Daphne Powell-Bills have brought an amended complaint

against defendants BNC Mortgage, Inc., Option One Mortgage Corp., and Wells Fargo Bank

Minnesota, N.A., alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq.

("TILA"), seeking rescission of a mortgage and damages.  BNC and Option One have moved to

dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that: (1) Option One, as a loan servicer, is

not liable under TILA; (2) plaintiffs' claims for statutory damages against BNC is barred by

TILA's one year statute of limitations; and (3) all claims by Daphne Powell-Bills have already

been dismissed by this court in Bills v. BNC Mortgage, Inc., 2006 WL 3227887 (N.D. Ill. 2006).

Wells Fargo has moved for summary judgment arguing that as assignee of the loan it cannot be

found liable for damages because the underlying disclosure violation is not apparent on the face

of the disclosure statement.  For the reasons set forth below all motions are granted.

**BACKGROUND**[1]

Plaintiff Ronald Bills obtained a mortgage loan from BNC on July 17, 2003, secured by

real property located at 318 Hunter Avenue, Joliet, IL (the "property"). Defendant Option One

acted as the servicer of the loan, collecting payments made by plaintiff Ronald Bills. Sometime

in November 2003, the note was assigned to Wells Fargo, and Chase Home Finance, LLC acted

as its servicing agent. In July 2006, during the pendency of this lawsuit, BNC repurchased the

loan from Wells Fargo, and the servicing rights transferred from Chase back to Option One.

According to the amended complaint, at the July 17, 2003, transaction closing, Ronald signed or

received numerous documents including an adjustable rate note, a mortgage, and three copies of

an incomplete Notice of Right to Cancel.

Plaintiffs allege that a failure to provide both Ronald and Daphne with two copies each of

a complete Notice of Right to Cancel violates TILA, giving them the right to rescind the note

and mortgage. They purported to exercise this right by letter from their attorney dated April 25,

2006, to all defendants. Defendants have not rescinded the loan.

**DISCUSSION**

TILA gives a consumer the right to rescind a loan against a creditor within three days of

the "consummation of the transaction." 15 U.S.C. § 1635(a). That right to rescind extends to

three years if the "required notice or material disclosures are not delivered." 12 C.F.R. §

226.23(a)(3). The "required notice" is two "copies of the notice of right to rescind." 12 C.F.R. §

226.23(b)(1). The notice must be on a separate piece of paper and must contain the date the

---

[1]A more complete statement of the facts as alleged by the plaintiffs can be found in <u>Bills</u>, 2006 WL 3227887.

2

rescission period ends.  12 C.F.R. § 226.23(b)(1), (b)(1)(b).  If a consumer has a right to rescind against a creditor, the right will also apply as to any assignee of that creditor.  15 U.S.C. § 1641(c).

**BNC's Motion to Dismiss**

BNC has moved to dismiss plaintiffs' claim for statutory damages against it for failing to provide the required notice of right to rescind, arguing that the claim is barred by TILA's one year statute of limitations for damage claims.  See 15 U.S.C. § 1640(e).  Plaintiffs offer no response to this argument.  Accordingly, plaintiffs' damage claims against BNC are dismissed.

Additionally, BNC correctly argues that this court has already dismissed any claims brought by Daphne.  Bills, 2006 WL 3227887.  Again, plaintiff fails to respond to this argument.  Accordingly, all claims in the amended complaint that purport to be brought on Daphne's behalf are dismissed.

**Option One's Motion to Dismiss**

Option One has moved to dismiss the complaint as to it, arguing that TILA expressly disclaims any liability for servicers for disclosure violations.  15 U.S.C. § 1641(f)(1); Payton v. New Century Mortgage Corp., 2003 WL 22349118 at *5 (N.D. Ill. 2003).

Plaintiff agrees that a loan servicer is not subject to monetary damages under TILA, but argues that a loan server may nonetheless be a proper defendant in a TILA rescission action. Plaintiff argues that the complaint seeks a declaration that the subject transaction is void and that plaintiffs have no further obligation to make interest payments.  Because at the present time Option One claims a right to collect mortgage payments (including interest), plaintiffs argue that Option One is a necessary party.  Additionally, plaintiffs seek an order requiring Option One to

delete any adverse information from plaintiffs' credit report. Therefore, plaintiffs argue that

Option One is necessary for complete relief.

At least three courts in this district have held that a current servicer should not be

dismissed from a suit for rescission because the servicer is a necessary defendant under Fed. R.

Civ. P. 19(a). See Miranda v. University Fin. Group, Inc., 459 F. Supp.2d 760, 765-66 ( N.D. Ill.

2006) (and cases cited therein); Adams v. Nationscredit Fin. Serv., 351 F. Supp.2d 829, 835

(N.D. Ill. 2004). Those cases suggest that "[d]ismissing the servicer could impair the borrower's

ability to fully protect his or her interest in rescinding the loan because the servicer could

improperly report to credit bureaus or foreclose on the loan." Miranda, 459 F. Supp.2d at 766.

As Judge Shadur has pointed out, however, a servicer's interest automatically ceases upon

rescission. Walker v. Gateway Financial Corp., 286 F. Supp.2d 965, 969 (N.D. Ill. 2003). Any

concern that Option One might thereafter engage in improper reporting to the credit agencies or

attempt to foreclose on a rescinded loan is purely speculative and does not warrant retaining

Option One as a defendant. Accordingly, Option One's motion to dismiss is granted.

**Wells Fargo's Motion for Summary Judgment**

Wells Fargo has moved for summary judgment on plaintiffs' claims arguing that as

assignee of the loan it can be liable for damages under TILA only if the alleged violation was

apparent on the face of the disclosure documents provided to Chase as Wells Fargo's servicer.

Section 1641(a) provides:

> Any civil action for a violation [of TILA] which may be brought against a
> creditor may be maintained against any assignee of such creditor only if the
> violation or when such action or proceeding is brought is apparent on the face of
> the disclosure statement.

In the instant case it is undisputed that the origination file received by Chase as Wells

Fargo's servicer included a complete and accurate copy of the Notice of Right to Cancel signed

by Ronald Bills.  Therefore, plaintiff does not dispute that Wells Fargo cannot be liable for

statutory damages based on the underlying disclosure violation.

Instead, plaintiff argues that Wells Fargo is liable for statutory damages for its own

failure to rescind the mortgage after receipt of plaintiffs' notice of cancellation.  According to

plaintiffs the failure to properly respond to a demand for rescission is a separate and distinct

violation from the underlying TILA disclosure violation, and justifies an award of statutory

damages.

To support this argument plaintiffs rely on Judge Kennelly's opinion in Fairbanks Capital

Corp. v. Jenkins, 225 F. Supp.2d 910 (N.D. Ill. 2002), in which the mortgagor sought rescission

and attorney's fees against the assignee based on the assignee's failure to perform the steps

required by § 1635(b) after receipt of a demand for rescission.  Fairbanks, the assignee, argued

that it could not be liable for damages and/or attorney's fees because § 1640(a), the TILA

provision that generally describes the remedies available for violation of the statute, provides

that "any creditor who fails to comply with any requirement imposed under [TILA], including

any requirement under § 1635 of this Title," is liable for actual damages, statutory damages, and

attorney's fees."  15 U.S.C. § 1640(a) (emphasis added).  Because the statute defines "creditor"

as the entity to which the "debt" is initially payable on the face of the evidence of indebtedness

(§ 1602(f)), Fairbanks, relying on Brodo v. Bankers Trust Co., 847 F. Supp. 353, 359 (E.D. Pa.

1994), argued that the remedies were not available against it.

Judge Kennelly disagreed with Brodo, at least with respect to the availability of an award

of attorney's fees, concluding that an assignee that refuses to honor a proper demand for

rescission may in fact be held liable under TILA for attorney's fees. To hold otherwise,

according to Judge Kennelly, would undermine the policies underlying TILA and would chill

consumers from seeking enforcement in meritorious cases. Fairbanks, 225 F. Supp.2d at 917.

Judge Kennelly did not reach, however, whether he would come to the same conclusion with

respect to a claim for statutory damages, particularly when the underlying violation was not

apparent on the face of the document. Id.

Judge Shadur reached that issue one year later in Walker, in which he declined to follow

Judge Kennelly's approach and agreed with Brodo's analysis, concluding that the imposition of

statutory damages on an assignee for refusing to comply with the demand for rescission when the

underlying violation is not apparent on the face of the disclosure statement "would create an

impermissible end run around the obvious congressional purpose that underlies the Section

1641(a) enactment of a statutory equivalent to a bona fide purchaser rule." Walker, 286 F.

Supp.2d at 968; see also Payton **v.** New Century Mortgage Corp., 2003 WL 22349118 at *7

(N.D. Ill. 2003) (Holderman, J.).

This court agrees with Walker's conclusion that an assignee cannot be subject to

damages for failing to comply with a notice to rescind issued under § 1635 when the underlying

basis for the rescission is a disclosure violation not apparent on the face of the disclosure

statement. Section 1641(a) specifically limits assignee liability to violations apparent on the face

of the disclosure statement. To suggest that an assignee can be directly liable for damages for

failing to comply with a demand for rescission that was based on a violation not apparent on the

face of the document is, as Judge Shadur noted, simply an end run around § 1641(a). An

assignee (or the original creditor for that matter) is not automatically liable for a simple failure to

comply with the rescission demand. Rescission is not automatic if the lender disputes the

borrower's claim that rescission is warranted. Large v. Conseco Finance Servicing Corp., 292

F.3d 49, 55 (1st Cir. 2002). Yet that is precisely the conclusion plaintiffs seek. To hold that

Wells Fargo is subject to a claim for statutory damages for failing to comply with the original

demand would mean that Wells Fargo was required to grant rescission even though the

disclosure statement did not support the claim. That would require the assignee to go beyond the

assigned documents and investigate the borrower's claim, but § 1641(a) "does not impose a duty

of additional inquiry upon assignees. Only violations that a reasonable person can spot on the

face of the disclosure statement or other assigned documents will make the assignee liable under

the TILA." Taylor v. Quality Hyundai, Inc., 150 F.3d 689, 694 (7th Cir. 1998).

Therefore, the court concludes that Wells Fargo is not subject to a claim for statutory

damages for failing to comply with § 1635. Additionally, because it not longer holds the

mortgage, it is not subject to plaintiffs' claim for rescission.[2]

### CONCLUSION

For the reasons set forth above, BNC's and Option One's motion to dismiss is granted.

Wells Fargo's motion for summary judgment is granted. Plaintiff Ronald Bills' claims against

---

[2]Plaintiffs' argument that in Briggs v. Provident Bank, 349 F. Supp.2d 1124, 1131 n.3 (N.D. Ill. 2004), this court held that an assignee can be found liable for failing to comply with a rescission demand is erroneous. The court merely stated that the issue would be determined after the determination of whether rescission was appropriate. In Briggs, however, the defendants were the current holders on the notes and thus subject to the rescission claim.

BNC for rescission and damages for failing to rescind remain pending.  This matter is set for a

report on status on May 23, 2007.

**ENTER:**     **May 11, 2007**

**Robert W. Gettleman**
**United States District Judge**